IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TONY D. THOMPSON,

    Petitioner,

v.                                         CIVIL ACTION NO.: CV508-038

HUGH SMITH, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tony Thompson ("Thompson"), who is currently incarcerated at Hays State Prison in Trion, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in Ware County Superior Court. Respondent filed a Motion to Dismiss, to which Thompson responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Thompson was sentenced to life without parole after he pleaded guilty in the Superior Court of Ware County to robbery, burglary, two counts of malice murder, and possession of a firearm during the commission of a crime. Thompson did not file an appeal. Thompson filed a petition for habeas corpus in the Gwinnett County Superior Court, which was denied. Thompson then filed a petition for writ of habeas corpus in this Court. Thompson filed a motion to voluntarily dismiss his petition so he could exhaust his claims in the state courts, and this Court granted Thompson's motion.

Thompson filed a second state petition for writ of habeas corpus with the Tattnall County Superior Court, and that petition was denied. Thompson then filed another petition for writ of habeas corpus[1] in this Court, which was denied after the Eleventh Circuit Court of Appeals remanded the case back to this Court to apply equitable tolling. (Case Number CV503-36, Doc. No. 45). The Eleventh Circuit denied Thompson's certificate of appealability. (CV503-36, Doc. No. 64).

In this petition, Thompson contends the judgment of the Ware County Superior Court is void pursuant to FED. R. CIV. P. 60(b)(4). Thompson asserts the trial court erred by: 1) accepting his guilty plea while his special plea of insanity was still pending; 2) failing to comply with the special plea order and not having him examined and evaluated by a state licensed psychiatrist or psychologist; 3) failing to conduct a competency hearing prior to accepting his guilty plea; 4) accepting a mental health evaluation written by a counselor, not a doctor; 5) failing to apply the correct standards in determining whether he was competent to stand trial; and 6) not having jurisdiction to accept his guilty plea.

Respondent asserts Thompson's petition should be dismissed because the petition is successive.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent avers this Court lacks jurisdiction under the "gatekeeping provision" of 28 U.S.C. § 2244(b), which governs successive petitions. Respondent alleges Thompson has failed to obtain authorization from the Eleventh Circuit Court of Appeals

---

[1] In that petition, Thompson asserted: 1) he received ineffective assistance of counsel; 2) he was induced to enter a guilty plea; 3) he was prejudiced at his trial due to pre-trial publicity; 4) the trial court erred in denying his motion to withdraw his guilty plea; and 5) he was improperly denied a mental competency hearing. (CV503-36, Doc. No. 40, pp. 2-3).

pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a second or successive petition. Respondent also alleges it is unnecessary to transfer this case to the Eleventh Circuit for a determination of whether he should be granted authorization to proceed in this second or successive petition because Thompson's petition is untimely under 28 U.S.C. § 2244(d).

Thompson contends this Court has jurisdiction to entertain his petition pursuant to Rule 60(b)(4). Thompson asserts his Rule 60(b)(4) motion should not be treated as a second or successive petition, and thus, he does not need to obtain authorization from the Eleventh Circuit. Thompson contends this Court did not rule on his claims in his previous habeas corpus petition or conduct a hearing on the matter, which constitutes a defect in the prior proceedings.

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Thompson has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition.[2] While it would ordinarily be permissible for this Court to transfer his petition to the Court of Appeals, it is not in this case. Thompson's petition is barred under the gatekeeping provision of section 2244(b)(3)(A). Any claims for relief that Thompson previously set forth in his other application would be dismissed. 28 U.S.C. § 2244(b)(1). Thus, Thompson's claims in this petition pertaining to competency issues should be dismissed. (See CV503-36, Doc. No. 40). Furthermore, Thompson has failed to show that any claims not set forth in his prior applications fit within the exceptions of section 2244(b)(2)(B). Thompson's remaining claims, in which he alleges the trial court committed certain errors, should likewise be dismissed.

---

[2] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Thompson's petition filed with this Court on April 28, 2003, was dismissed with prejudice. (CV503-36, Doc. Nos. 40, 45).

Thompson relies on Gonzalez v. Crosby, 545 U.S. 524 (2005), to support his assertion that, because his petition is brought pursuant to Rule 60(b)(4), the Eleventh Circuit need not authorize this successive petition. Thompson's reliance, however, is misplaced. In Gonzalez, the United States Supreme Court determined whether Rule 60(b) motions are subject to "the additional restrictions that apply to 'second or successive' habeas corpus petitions" under 28 U.S.C. § 2244(b). 545 U.S. at 526. The Supreme Court examined whether Rule 60(b) motions should be considered habeas corpus petitions. The Supreme Court agreed with "[v]irtually every Court of Appeals to consider the question" which "has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." Id. at 531. The Court noted: "A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." Id. (citing 28 U.S.C. § 2254 Rule 11). "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents [the Antiterrorism and Effective Death Penalty Act's] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." Id.

Thompson is not entitled to habeas relief, no matter what label he has placed on the instant petition. This Court entered an Order denying Thompson relief on the merits of a previously filed section 2254 petition, and he has not shown he meets any exception under § 2244(b) which would allow him to proceed with this second or successive petition in the absence of authorization from the Eleventh Circuit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Thompson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE